IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**THE BEVILL COMPANY,**              )
                                     )
        **Plaintiff,**       )
                                     )
**v.**                               )
                                     )    No. 01-2524-CM
                                     )
**SPRINT/UNITED MANAGEMENT CO.,**    )
                                     )
        **Defendant.**       )
                                     )

## MEMORANDUM AND ORDER

This breach of contract case is before the court on Defendant's Motion for Partial Summary Judgment (to Strike Plaintiff's Jury Demand), or in the Alternative, to Compel Arbitration (Doc. 80). Defendant claims that plaintiff waived its right to a jury trial in the contract between the parties. Plaintiff responds that it did not enter into the waiver provision knowingly and voluntarily, largely because there was an inequitable bargaining position between the parties. Because the court cannot determine the bargaining position of the parties on the evidence before it, the court denies defendant's motion without prejudice.

Parties may waive the right to a jury trial by contract. *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988). The key issue is whether the contractual waiver was "knowing and voluntary." *See Hulsey v. West*, 966 F.2d 579, 581 (10th Cir. 1992) (implicitly adopting district court's "knowing and voluntary" standard). The Tenth Circuit has not determined where the burden lies to establish that the waiver was knowing and voluntary, *see id.; see also PostNet Int'l Franchise Corp. v. Amercis Int'l, Inc.*, No. 06-00125, 2006 WL 1775599, at *1 (D. Colo. June 26, 2006), but the majority of courts have decided that the burden lies with the party

seeking to enforce the contractual waiver, *see PostNet Int'l Franchise Corp.*, 2006 WL 1775599, at *1 (citing *Phoenix Leasing Inc. v. Sure Broad., Inc.,* 843 F. Supp. 1379, 1384 (D. Nev. 1994)). This court agrees that the burden lies with defendant to show that plaintiff's acceptance of the jury waiver was knowing and voluntary.

The court finds that plaintiff's acceptance was knowing. The contractual provision in question provides: "Each party waives its right to a jury trial in any court action arising among the parties, whether under this agreement or otherwise related to this agreement . . . ." The language is unambiguous and understandable. Moreover, plaintiff admits that its CEO—Robert Bevill, who negotiated the contract—knew that the contract contained the jury trial waiver. The waiver provision is contained in its own paragraph in the middle of a page, under the heading "Waiver of Jury Trial." The contract's Table of Contents lists "Waiver of Jury Trial" at page fourteen of the thirty-seven-page contract, within the section of the contract labeled "Dispute Resolution." And the text of the waiver provision appears in all capital letters and bold print. Notably, the waiver provision is the only portion of the contract that appears in all capital letters and bold print. This is not a case where the jury waiver was found in "inconspicuous fine print." *See Telum, Inc.*, 859 F.2d at 837. Based on these uncontroverted facts, the court concludes that plaintiff's decision was knowing.

The court cannot determine, however, whether plaintiff's decision to enter into the waiver was also voluntary. Plaintiff's CEO set up the company specifically to enter into the contract with defendant. It appears that the company may have been a one-man operation, although the court cannot tell from the record before it. It also appears that defendant had a much stronger economic bargaining position. But again, the record is unclear. The court notes that plaintiff pursued a

complicated and large business: to provide thirty-seven military bases with Internet services. The court has no information, however, about plaintiff's CEO's sophistication or education. The court also does not know whether plaintiff was represented by counsel. Plaintiff admits that it negotiated to obtain the contract over the course of seven months, although it did not negotiate the particular waiver provision at issue. According to plaintiff, defendant offered the company a standardized contract on a "take it or leave it basis." But the mere fact that defendant may have rejected proposed changes to the waiver provision—if they had been proposed, which they apparently were not—does not automatically invalidate the waiver provision. *See F.D.I.C. v. Ottawa Univ.*, 906 F. Supp. 601, 603 (D. Kan. 1995).

Because unequal relative bargaining positions may suggest that a waiver was involuntary, *see Dreiling v. Peuegot Motors of Am., Inc.*, 539 F. Supp. 402, 403 (D. Colo. 1982), and the court does not have enough information to ascertain the parties' relative bargaining positions or other facts about the parties and their negotiations, the court denies defendant's motion without prejudice. Notably, the Tenth Circuit has suggested that a "gross" disparity in bargaining power would be required to invalidate a jury waiver provision. *See Telum, Inc.*, 859 F.2d at 837. And the court does not consider the relative bargaining positions alone when determining whether a waiver is enforceable; it is only one of several factors the court considers. *See PostNet Int'l Franchise Corp.*, 2006 WL 1775599, at *1 (listing factors).

The contract provides that if the jury waiver provision is found unenforceable, the parties agree to arbitrate their claims. Defendant alternatively asks the court to enforce the arbitration clause. At this time, however, the court does not find the waiver unenforceable; the court's ruling is that it cannot determine, as a matter of law, that the waiver should be enforced. Under the terms of the contract, therefore, the court need not address the arbitration provision.

-4-

**IT IS THEREFORE ORDERED** that Defendant's Motion for Partial Summary Judgment (to Strike Plaintiff's Jury Demand), or in the Alternative, to Compel Arbitration (Doc. 80) is denied without prejudice.

Dated this 11th day of October 2006, at Kansas City, Kansas.

                                            **s/ Carlos Murguia**
                                            **CARLOS MURGUIA**
                                            **United States District Judge**