**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| **THE BEVILL COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 01-2524-CM** |
| | ) | |
| **SPRINT/UNITED MANAGEMENT CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This breach of contract case is before the court on Defendant's Renewed Motion for Partial

Summary Judgment (to Strike Plaintiff's Jury Demand), or in the Alternative, to Compel Arbitration

(Doc. 120) and Motion to Exclude Testimony of Plaintiff's Expert Witness James Ketter (Doc. 124).

Defendant claims that plaintiff knowingly and voluntarily waived its right to a jury trial in the

contract between the parties.  The court denied defendant's first motion to strike plaintiff's jury

demand without prejudice, holding that plaintiff <u>knowingly</u> accepted the jury waiver provision in the

contract, but that the evidence did not reveal whether plaintiff <u>voluntarily</u> accepted the waiver

provision.  The court now holds that plaintiff's waiver was also voluntary.  Because the case will be

tried to the court and not a jury, the court denies defendant's *Daubert* motion without prejudice.

**I.  Whether Jury Trial Waiver was Voluntary**

The court previously stated the standards for determining whether a jury trial waiver is

enforceable, and will not repeat them here.  Defendant now has presented evidence to the court that

is sufficient to establish that plaintiff's decision to enter into the waiver was voluntary.

The contract between plaintiff and defendant consisted of the Master Services Agreement

("MSA") and a Contract Order.  Plaintiff negotiated the contract over the course of seven months, although it did not negotiate the particular waiver provision at issue.  Twelve pages of the thirty-seven-page contract were entirely or almost entirely plaintiff's language.

Through the contract, plaintiff pursued a complicated and large business: to provide thirty-seven military bases with Internet services.  Plaintiff's CEO, Robert Bevill, set up the company specifically to enter into the contract with defendant.  The company had no operations before the contract with defendant or after its termination.  Mr. Bevill funded the company through his own savings (around $65,000) and loans from friends.  He and his wife performed plaintiff's operations.

Mr. Bevill graduated from the University of Texas in 1984 with a Bachelor's degree in Business Administration and did post-graduate work in Management Science.  After college, he worked as a computer programmer and then became a consultant in the technology field in 1993, working for Fortune 500 companies.  Mr. Bevill had counsel review the contract, but the attorney was a friend who never dealt directly with defendant on plaintiff's behalf.  The attorney's advice was limited to one provision of the contract—which was not the jury trial waiver.  Although defendant never pointed out or discussed the jury trial waiver with plaintiff, plaintiff was aware that the provision was in the contract.

Plaintiff claims that defendant offered the MSA, which contains the jury waiver, on a "take it or leave it basis."  But the record suggests that plaintiff understood that there was a way to address concerns that he had with the MSA. The Contract Order portion of the contract was negotiable.  In fact, plaintiff negotiated language in the Contract Order that, in his judgment, negated certain language in the MSA portion of the contract.  The MSA specifically states that to the extent of any inconsistency, the language of the Contract Order prevails over language in the MSA.  The fact that

plaintiff either attempted to or successfully modified MSA language through the Contract Order indicates that plaintiff's decision not to attempt to alter the jury trial waiver was a conscious decision made for reasons other than anticipated futility.

Moreover, the mere fact that defendant may have rejected proposed changes to the waiver provision—if they had been proposed, which they were not—does not change the court's ruling. *See F.D.I.C. v. Ottawa Univ.*, 906 F. Supp. 601, 603 (D. Kan. 1995). Nor does any disparity in bargaining power. The court has considered the relative positions of the parties. The parties were corporations, and as previously noted, plaintiff actively negotiated the business transaction for seven months. Although "an inequality in relative bargaining positions suggests that the asserted waiver was neither knowing nor intentional," *Dreiling v. Peuegot Motors of Am., Inc.*, 539 F. Supp. 402, 403 (D. Colo. 1982), this case is distinguishable from cases invalidating waivers based on unequal bargaining power, *see, e.g., Sullivan v. Ajax Navigation Corp.*, 881 F. Supp. 906, 907–08, 910–11 (S.D.N.Y. 1995) (holding that the waiver on a cruise ship ticket was unenforceable when the plaintiff had neither purchased the ticket nor possessed it before boarding the ship); *Whirlpool Fin. Corp. v. Sevaux*, 866 F. Supp. 1102, 1105–06 (N.D. Ill. 1994) (finding waiver unenforceable where the parties never discussed the waiver and the defendant was unfamiliar with the American civil jury system); *Dreiling*, 539 F. Supp. at 403 (holding that the right to jury trial was "waived unknowingly by mere insertion of a waiver provision on the twentieth page of a twenty-two page standardized form contract"). Plaintiff may have been a "one-man band," and defendant may have had a significantly stronger financial base, but plaintiff was able to bargain successfully with respect to many aspects of the contract. Moreover, the Tenth Circuit has suggested that a "gross" disparity in bargaining power would be required to invalidate a jury waiver provision. *See Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988). Comparing this case to the cases cited

above, the court finds that a "gross" disparity did not exist here.

Taking all of the evidence as a whole, the court finds that plaintiff voluntarily accepted the jury trial waiver provision.  He may have been at a disadvantage from a bargaining standpoint, but the court is unwilling to hold that he was at such a disadvantage as to render his acceptance of the jury trial waiver provision involuntary.  The court will enforce the jury trial waiver, and this case will be tried to the court.

## II.  Motion to Exclude Testimony

Defendant asks the court to exclude James Ketter as an expert witness.  In a bench trial setting, it is appropriate for the court to allow the expert to testify, and later make determinations about the admissibility, weight, and credibility of the expert's testimony.  *See Doctor John's, Inc. v. City of Sioux City*, No. C03-4121-MWB, 2007 WL 5788, at \*4 (N.D. Iowa Jan. 2, 2007) (citations omitted); *New York v. Solvent Chem. Co.*, No. 83-CV-1401C, 2006 WL 2640647, at \*2 (W.D.N.Y. Sept. 14, 2006) (citations omitted); *Ekotek Site PRP Comm. v. Self*, 1 F. Supp. 2d 1282, 1296 n.5 (D. Utah 1998) (citation omitted).  The court therefore denies defendant's motion without prejudice. The court will allow Mr. Ketter to testify at trial, but will, upon proper objection and after hearing all of the evidence, issue a ruling as to the testimony's admissibility.

**IT IS THEREFORE ORDERED** that Defendant's Renewed Motion for Partial Summary Judgment (to Strike Plaintiff's Jury Demand), or in the Alternative, to Compel Arbitration (Doc. 120) is granted.  The court strikes plaintiff's jury demand.

**IT IS FURTHER ORDERED** that defendant's Motion to Exclude Testimony of Plaintiff's Expert Witness James Ketter (Doc. 124) is denied without prejudice.

-4-

-5-

Dated this 30th  day of April 2007, at Kansas City, Kansas.


                                            **s/ Carlos Murguia**
                                            **CARLOS MURGUIA**
                                            **United States District Judge**