# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **THE BEVILL COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 01-2524-CM |
| ) | |
| **SPRINT/UNITED MANAGEMENT CO.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this case claiming that defendant breached its contract with plaintiff by attempting to terminate the contract for convenience without first complying with the contractually-mandated requirement that defendant use all due effort to reach an agreement as to a cure plan or to redefine the contract. The case is before the court on Defendant's Motion for Summary Judgment (Doc. 122). Defendant contends that it is entitled to summary judgment because, even if the court were to find its termination for convenience invalid, defendant properly terminated the contract for cause after plaintiff breached the contract in numerous ways. Defendant also claims that plaintiff's claim for quantum meruit is barred because there is a written contract between the parties. Plaintiff agrees that the court should grant summary judgment on its quantum meruit claim but maintains alternatively that (1) defendant is estopped from arguing that it terminated the contract for cause; (2) the impracticability of performance doctrine relieved plaintiff from the obligation to cure any of its own alleged breaches; and/or (3) there is a genuine issue of material fact as to whether plaintiff's purported breaches were material. For the following reasons, the court grants defendant's motion on the quantum meruit claim, but denies it on plaintiff's breach of contract claim.

## I. FACTUAL BACKGROUND[1]

On August 1, 2000, the parties entered into a contract for provision of internet services at military bases. Defendant issued a notice of termination for convenience on October 23, 2001. Plaintiff filed this case on November 2, 2001, asking the court to compel defendant to perform under the contract. Defendant responded with a motion for summary judgment, claiming that it had validly terminated the contact for convenience. The parties agreed that plaintiff could continue to perform the contract during the pendency of the case. On March 13, 2002, defendant issued a notice of termination for cause in which it cited numerous ways that it believed plaintiff had breached the contract. The notice gave plaintiff a specified amount of time to cure the alleged breaches—the earlier of (a) thirty days from the date of the notice (as provided by the contract) or (b) the date the court determined that defendant had properly terminated the contract for convenience. On April 4, 2002, the court held that defendant's termination for convenience was valid. The Tenth Circuit later reversed the court's decision and remanded the case for further consideration. Until defendant filed the present motion for summary judgment, the parties had not asked this court to rule on the validity of defendant's contention that it validly terminated the contract for cause.

## II. STANDARDS FOR JUDGMENT

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144

---

[1] The court construes the facts in the light most favorable to plaintiff as the non-moving party pursuant to Fed. R. Civ. P. 56. The court has included only those facts which are relevant, material, and properly supported by the record.

F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III. DISCUSSION

### A. Whether Defendant is Estopped from Arguing Termination for Cause

The court first finds that defendant is not estopped from taking the position that it terminated the contract for cause. The cases that plaintiff cites to the contrary are distinguishable on their facts. Defendant's notice of termination for cause, given to plaintiff on March 13, 2002, was consistent with defendant's notice of termination for convenience. Although defendant first argued that it validly terminated the contract for convenience, once defendant acquired more information, it determined that it had a basis to terminate the contract for cause. The reasons defendant offered for terminating the contract were alternative and independent. Moreover, defendant alleged that it terminated the contract for cause in the pretrial order, thereby preserving this argument for trial. Plaintiff has been aware since March 2002 of defendant's alternative position, and the court finds no reason to preclude defendant from arguing that it terminated the contract for cause.

### B. Application of Impracticability of Performance Doctrine

Plaintiff claims that there can be no termination for cause under the doctrine of impracticability of performance. This is the first time that the theory of impracticability of performance has arisen in this case. Plaintiff failed to preserve this theory in the pretrial order. "A plaintiff cannot escape the binding effect of the pretrial order by raising new issues in a response to the defendant's motion for summary judgment." *Hullman v. Bd. of Trustees*, 732 F. Supp. 91, 93 (D. Kan. 1990) (citing *Bieber v. Associated Collection Servs., Inc.*, 631 F. Supp. 1410, 1414 (D. Kan. 1986)). The court deems plaintiff's impracticability theory waived.

Even if the court were to consider plaintiff's impracticability theory, however, the theory

-3-

fails to offer plaintiff relief. Plaintiff claims that because the court's April 4, 2002 order cut off its thirty-day cure period before the thirty days ran, the court's order created an impracticability of performance. "The law has recognized that impossibility, or as stated by the more modern authorities, impracticability of performance may relieve a promisor of liability for breach of contract." *Sunflower Elec. Co-op., Inc. v. Tomlinson Oil Co.*, 638 P.2d 963, 969 (Kan. Ct. App. 1981). The key is whether performance is subjectively or objectively impracticable. *Id.* at 970. Subjective impracticability means "I cannot do it," while objective impracticability means "the thing cannot be done." *Id.* Only objective impracticability offers a party relief from a contractual obligation. *Luminous Neon, Inc. v. Parscale*, 836 P.2d 1201, 1204 (Kan. Ct. App. 1992). Whether a party should be excused for impracticability is a question of law. *Id.* at 244.

      Plaintiff's application of the doctrine to these facts is novel. The doctrine is normally used to excuse a party's non-performance under a contract. Here, plaintiff claims that defendant breached the contract. According to plaintiff, any alleged breaches by plaintiff were immaterial and would not justify termination of the contract. Plaintiff does not allege that it was unable to perform under the contract because of the court's order. Rather, plaintiff alleges that the court's order hindered its ability to salvage the contract after defendant gave notice of termination. The court has been unable to locate any cases applying the impracticability theory in situations similar to plaintiff's, and plaintiff cited none. The court finds the theory inapplicable here.

      Furthermore, plaintiff fails to show that objectively, any alleged breaches could not be timely-cured. What plaintiff ignores is that before the court entered its order, plaintiff had twenty-one days in which it could have attempted to cure the breach. Plaintiff is correct—this is less than the full thirty-day period contemplated by contract. But it was not objectively impracticable for plaintiff to cure the breach within the contractually-provided time. If, in fact, the alleged breaches

were curable, plaintiff could have cured within twenty-one days—which is, by definition, within thirty days.  Plaintiff just would have had to cure before the court entered its order on April 4, 2002. The parties were scheduled for a hearing on plaintiff's motion for a preliminary injunction on March 28, 2002.  The court set the hearing before defendant issued its March 13, 2002 notice of termination for cause.  On March 20, 2002, the court notified the parties that the hearing was continued to April 4, 2002.  Plaintiff had ample notice that a ruling on whether defendant had properly terminated the contract for convenience was imminent and that plaintiff's thirty-day time limit to cure might be cut short by a court ruling.

For all of these reasons, plaintiff's impracticability theory fails.

## C.  Whether Plaintiff's Purported Breaches were Material

The court has reviewed the alleged breaches by plaintiff that defendant used to justify termination of the contract for cause.  Assuming without deciding that plaintiff's actions breached the contract, the court finds that a genuine issue of material fact exists as to whether the alleged breaches were "material" as the word was used in the contract.  The court denies summary judgment on this issue.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 122) is granted in part and denied in part.  Plaintiff's quantum meruit claim is dismissed.

Dated this 14th  day of June 2007, at Kansas City, Kansas.


**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**